FILED
June 23, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MIGUEL FRANCISCO VALENZUELA, §
#398791, §
§
    Plaintiff, §
§ SA-25-CV-00448-OLG
v. §
§
COMAL COUNTY SHERIFF'S OFFICE, §
ET AL., §
§
    Defendants. §

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Miguel Francisco Valenzuela's 42 U.S.C. § 1983 Amended Civil Rights Complaint.[1] (Dkt. No. 9). The Court granted Valenzuela's Application to Proceed *In Forma Pauperis* ("IFP"). (Dkt. Nos. 2, 4). Upon consideration, Valenzuela's Amended Complaint is **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted. (Dkt. No. 9); *see* 28 U.S.C. §§ 1915(e)(2)(B)(i, ii), 1915A(b)(1).

### BACKGROUND

Comal County records show Valenzuela is currently confined in the Comal County Jail based on charges for possession of a controlled substance and manufacture or delivery of a controlled substance. *See* public.co.comal.tx.us/Search.aspx?ID=100 (last visited June 18, 2025); public.co.comal.tx.us/JailingDetail.aspx?JailingID=302298 (last visited June 18, 2025). While confined, Valenzuela filed this § 1983 action. (Dkt. No. 1). Upon review of the original Complaint, this Court rendered a Show Cause Order pointing out deficiencies therein. (Dkt. No. 7). In

---

[1] Valenzuela originally filed this matter in the Eastern District of Texas–Lufkin Division on February 28, 2025. (Dkt. No. 1). That Court transferred the matter to this Court by Order dated March 30, 2025. (Dkt. No. 3). The transfer was completed, per the Order of the transferor Court, on April 24, 2025. (Dkt. No. 4).

response, Valenzuela filed his Amended Complaint. (Dkt. No. 9). In his Amended Complaint, Valenzuela brings claims against: (1) the Comal County Sheriff's Office ("CCSO"); (2) Corrections Officer F/N/U Leal, CCSO; and (3) Corrections Officer F/N/U Zamora, CCSO. Valenzuela asserts an "episodic act or omission" claim against Defendants based on their failure to provide him with toilet paper for several hours. (*Id.*). As relief, he seeks "policy change" and "$30,000.00 for mental/physical harm." (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. Non-Jural Entity—CCSO

The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Thus, Texas law governs this question. *See id.* The Fifth Circuit holds that to be subject to suit, a department or office must "enjoy a separate legal existence." *Barrie v. Nueces Cnty. District Attorney's Office*, 753 F. App'x 260, 264 (5th Cir. 2018) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)); *Estate of Schroeder v. Gillespie Cnty.*, 23 F. Supp.3d 775, 781 (W.D. Tex. 2014) (same). A separate legal existence is created only when the political entity that created the department or office has taken "'explicit

3

steps to grant the servient agency with jural authority.'" *Barrie*, 753 F. App'x at 264; *Estate of Schroeder*, 23 F. Supp.3d at 781. In the absence of jural authority, the servient department, agency, or office lacks the capacity to be sued. *See Barrie*, 753 F. App'x at 264; *Estate of Schroeder*, 23 F. Supp.3d at 781.

This Court has previously found the CCSO is not a proper jural entity subject to suit. *See Reyes Jaramillo v. Comal Cnty.*, No. SA-10-CA-179-XR, 2011 WL 2421081, at *2 (W.D. Tex. Apr. 5, 2011) (citing *Hernandez v. Bandera Cnty.*, No. SA-10-CV-949-XR, 2011 WL 345830 (W.D. Tex. Jan. 31, 2011)); *see also Gonzales v. Comal Cnty. Sheriff's Office*, No. SA-21-CV-01124-XR, 2022 WL 526238, at *2 (W.D. Tex. Feb. 18, 2022). In reaching this conclusion, the Court reasoned that under Chapter 85 of the Texas Local Government Code, the sheriff of a county is a county officer. *Hernandez*, 2011 WL 345830, at *1; *see* TEX. LOC. GOV'T CODE ANN. §§ 85.001, *et seq.* Thus, a county sheriff's office or department effectively operates under the control of the county and is not a separate jural entity. *Hernandez*, 2011 WL 345830, at *1.

The CCSO is a non–jural entity incapable of being sued. *See Reyes Jaramillo*, 2011 WL 2421081, at *2); *see also Gonzales*, 2022 WL 526238, at *2. The Court therefore finds that any claims against the CCSO are subject to dismissal as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1); *Samford*, 562 F.3d at 678.

To the extent Valenzuela intended to sue Comal County by naming the CCSO as a defendant, the Court finds he has failed to state a viable claim. To establish liability on the part of a county or municipality, a plaintiff must allege (1) a specific policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional

4

violation whose "moving force" is the stated policy or custom. *Newbury v. City of Windcrest*, 991 F.3d 672, 680 (5th Cir. 2021); *see Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell*, 436 U.S. at 690–91. For purposes of § 1983, an official policy is a statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmaking officers have delegated such authority. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (citing *Brown v. Bryan Cnty.*, 219 F.3d 450, 457 (5th Cir. 2000)). Alternatively, a § 1983 plaintiff can establish the existence of an official custom by showing a persistent, widespread practice by official or employees, which although not authorized by an official policy, is so common and well settled as to fairly represent municipal policy. *Id.*

Valenzuela has not included allegations that would subject Comal County to liability in this matter. (Dkt. No. 9). Accordingly, to the extent he intended to bring § 1983 claims against the County, such claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Montoya*, 614 F.3d at 149.

### B. Inadequate Episodic Allegations—CO Leal, CO Zamora

The constitutional rights of a pretrial detainee such as Valenzuela are found in the due process guarantees of the Fourteenth Amendment. *See Estate of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 462 (5th Cir. 2015) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc)). Constitutional challenges by pretrial detainees such as those alleged by Valenzuela may be brought under two theories, an attack on a "condition of confinement" or as an "episodic act or omission." *See Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019) (quoting *Hare*, 74 F.3d at 644–45); *Shepherd v. Dallas Cnty.*, 592 F.3d 445, 452 (5th Cir. 2009) (same). A

condition of confinement challenge complains of "general conditions, practices, rules, or restrictions of pretrial confinement, e.g., number of bunks per cell, mail privileges, disciplinary segregation, etc." *Tiede v. Salazar*, 518 F. Supp.3d 955, 963–64 (W.D. Tex. 2021) (quoting *Hare*, 74 F.3d at 643); *see Garza*, 922 F.3d at 633–34. A case is properly categorized as a condition of confinement case where the plaintiff does not point to specific actions or omissions of jail officials, but instead attempts to demonstrate a long-standing and pervasive pattern of deficiencies that affects a substantial number of detainees. *Edler v. Hockley Cnty. Comm'rs Ct.*, 589 F. App'x 664, 668 (5th Cir. 2014). Episodic challenges, however, are against a "jail official's episodic act or omission," *Tiede*, 518 F. Supp.3d at 963–64, faulting a specific jail official for alleged acts or omissions. *Garza*, 922 F.3d at 632; *Shepherd*, 592 F.3d at 452.

Valenzuela contends that on a single occasion CO Leal and CO Zamora denied him toilet paper. (Dkt. No. 9). As alleged, the Court finds Valenzuela's claim suggests a discrete incident and should, therefore, be characterized as "episodic" claim as opposed to a claim based on "conditions of confinement."

When "a pretrial detainee's claim is based on a jail official's episodic acts or omissions, the proper inquiry is whether the official had a culpable state of mind in acting or failing to act." *Cope v. Cogdill*, 3 F.4th 198, 206 (5th Cir. 2021). An official "violates a pretrial detainee's constitutional right to be secure in his basic human needs only when the official had subjective knowledge of a substantial risk of serious harm to the detainee and responded to that risk with deliberate indifference." *Id.* at 206–07 (quoting *Estate of Henson*, 795 F.3d at 464). In other words, the official must know of and disregard an excessive risk to inmate health or safety. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Because the focus of the claim is one individual's misconduct, the detainee is required to prove intent—specifically, that the jail official "acted or failed to act with deliberate indifference to the detainee's needs." *Shepherd*, 592 F.3d at 452 (quoting *Hare*, 74 F.3d at 648). The Fifth Circuit has repeatedly described "deliberate indifference as 'an extremely high standard to meet.'" *Ford v. Anderson*, 90 F.4th 736, 752 (5th Cir. 2024) (quoting *Domino*, 239 F.3d at 754).

Here, Valenzuela claims a gall bladder condition causes him to frequently use the restroom. (Dkt. No. 9). He contends the denial of toilet paper forced him to use his hand to clean himself. (*Id.*). Valenzuela admits he received toilet paper from another corrections officer "14 hours later." (*Id.*).

Valenzuela fails to allege that either CO Leal or CO Zamora subjectively knew of and disregarded an excessive risk to his health or safety based on denying him toilet paper for fourteen (14) hours or any period of time. (Dkt. No. 9). Although Valenzuela alleges the "medical department" is aware of his gall bladder condition, he does not allege that either CO Leal or CO Zamora knew about it or that they were aware of a substantial risk of serious harm to Valenzuela based on the denial of toilet paper for a period of time. (*Id.*); *see Cope*, 3 F.4th at 206–07. In other words, Valenzuela fails to allege that either CO Leal or CO Zamora acted with deliberate indifference to his needs. (*Id.*); *see Shepherd*, 592 F.3d at 452 Accordingly, the Court finds Valenzuela has failed to sufficiently allege episodic claims against either CO Leal or CO Zamora. Accordingly, such claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Montoya*, 614 F.3d at 149.

\

### C. *No Physical Injury Alleged Contrary to § 1997e—All Defendants*

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). As stated by the Fifth Circuit, "Section 1997e(e) bars a prisoner from recovering any compensatory damages in any federal action absent a showing of physical injury." *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (per curiam) (citing *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005)). The physical injury requirement of § 1997e(e) "applies to *all federal civil actions* in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non–recoverable, absent physical injury". *Id.* In addition, the required injury "must be more than *de minimis* but need not be significant." *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630–31 (5th Cir. 2003).

Valenzuela has failed to allege any actual physical injury or harm. (Dkt. No. 9). Valenzuela makes a single reference to the "harm" he allegedly suffered in his request for relief. (*Id.*). He states that he is seeking monetary damages for "mental/physical harm." (*Id.*). This is the only reference in the Amended Complaint that might be construed as an allegation of actual injury or harm. (*Id.*). Given the absence of any allegation of actual physical injury or harm, Valenzuela's episodic claims based on the denial of toilet paper for fourteen (14) hours are barred by the PLRA and therefore, subject to dismissal. *See* 42 U.S.C. § 1997e(e); *Hutchins*, 512 F.3d at 195.

### CONCLUSION

Valenzuela was given an opportunity to amend his original Complaint to correct the deficiencies described in the Court's Show Cause Order. *See Neitzke v. Williams*, 490 U.S. 319,

325 (1989); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015). Although Valenzuela filed an Amended Complaint in response to the Show Cause Order, based on the analysis above, the Court finds he failed to correct the deficiencies so as to avoid dismissal. Accordingly, based on the foregoing analysis, the Court finds Valenzuela's § 1983 Amended Complaint is subject to dismissal as frivolous and/or for failure to state a claim upon which relief may be granted. (Dkt. No. 9); *see* 28 U.S.C. §§ 1915(e)(2)(B)(i, ii), 1915A(b)(1).

**IT IS THEREFORE ORDERED** that Valenzuela's 42 U.S.C. § 1983 Amended Complaint (Dkt. No. 9) is **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i, ii), 1915A(b)(1).

It is **SO ORDERED**.

SIGNED this 23 day of June, 2025.

_____
ORLANDO L. GARCIA
United States District Judge